**INTERNATIONAL ASS'N OF CARPENTERS AND JOINERS OF AMERICA, LOCAL 213, A. F. OF L., et al. v. SHARP et al.**

No. 11884.

Court of Civil Appeals of Texas. Galveston.

May 8, 1947.

Rehearing Denied May 29, 1947.

Sewall Myer, of Houston, for appellants Building & Construction Trades Council of Houston et al.

Combs & Dixie, of Houston, for appellants International Ass'n of Carpenters and Joiners Union of America, Local 213, A. F. of L., et al.

Sewell, Morris, McGregor & Sewell, of Houston, for appellees.

GRAVES, Justice.

This appeal is from an interlocutory order of temporary injunction, expressly made effective only "pending final hearing and determination of the cause for permanent injunction," then pending between the same parties in that court; it was brought here pursuant to Rule 385, Sections (a), (b), and (d), Texas Rules of Civil Procedure, and advanced on this docket, under succeeding Rule 410(e), thereof.

What is thought to be a sufficient statement of the nature and result of the proceeding in the trial court is thus edited from the briefs of the appellants, mainly that of Local Unions 213 and 84, without using quotation marks:

Appellants (that is, B. & T. Council, and its two affiliated local unions Nos. 213 of Int. Ass'n. of Carpenters, etc., and 84 of Bridge Workers, etc.) are labor unions and members and representatives of labor unions, affiliated with the American Federation of Labor, engaged in the building and construction trades.

Appellees are individuals and corporations engaged in the construction of houses and other building projects, and are presently engaged, among other ventures, in the construction of a massive residential project in the envirens of Houston, Texas, known as "Oak Forest."

This cause arose out of a disagreement between appellants and appellees, over whether or not a pre-existing relationship of Employers and Employees in other work —which had been ended—should be novated as to the "Oak Forest" development; and this appeal is from an order of the District Court of Harris County, 11th Judicial District of Texas, dated March 4, 1947, granting in favor of appellees and against appellants, a temporary injunction, enjoining and restraining all picketing and other activities, and also refusing an injunction sought by appellants against interference by appellees with appellants' alleged peaceful picketing of appellees' building project.

The injunction enjoined the appellants, "each and every member and officer of" appellants, and "each and all of the agents, employees, and representatives of" appellants, and "each and every other person in active concert and participation with them", from:

(a) Interfering or attempting to interfere with the Plaintiffs' respective businesses, or with their employees, prospective employees, material suppliers, material carriers and their employees, including the Burlington-Rock Island Railroad Company, customers and prospective home purchasers, by picketing or patrolling or causing to be picketed or patrolled the plaintiffs' premises or the sidewalks or streets or adjacent railroad rights-of-way, nearby railroad crossings, or other property adjacent to or near the plaintiffs' respective places of business, including the housing project known as Oak Forest Addition;

(b) Preventing or attempting to prevent by picketing, violence, threats, intimidation, coercion, persuasion or any other means, any person or persons from entering or leaving the plaintiffs' respective plants, places of business and properties, including the said Oak Forest Addition;,

(c) Picketing, assembling, congregating, gathering about or loitering at or near or in the vicinity of the plaintiffs' respective

508

places of business, including the said Oak Forest Addition.

No findings of fact nor conclusions of law were either requested of or made by the court, except its recitation in the appealed-from order, "that the facts, law, and equities of the case were with the plaintiffs and against defendants."

In this court, without stating formal points of error, and in separate briefs, all the appellants make common cause in attacking the trial court's order, not only as denying them their claimed constitutional right to continue to peacefully picket the "Oak Forest Project" of the appellees and to engage in peaceful activities necessary and incident thereto, but, further, as having erroneously refused them a temporary injunction they had, in turn, by cross-action, sought against the appellees, restraining them from interfering by force or violence with the picketing appellants had prior thereto established at such enterprise; in short, that, under the evidence shown, the trial court had abused a sound judicial discretion in refusing to either unilaterally enjoin the appellees from interfering by force or violence with appellants' alleged right to peacefully picket the project, or, in the alternative, to enjoin all violence on either side, and grant to appellants the right to continue in the peaceful picketing activities they had theretofore begun.

The appellees reply to these contentions with this counter-proposition:

"The trial judge did not abuse his discretion in issuing the blanket injunction against all picketing, since the evidence clearly showed that the past-picketing was so accompanied by violence and other unlawful conduct as to give rise to a justifiable belief that future picketing would likely result in a continuance of illegal acts and intimidation."

■ In this state of the record, it is clear: (1) That the sole issue in this court is merely whether or not a sound judicial discretion on the part of the trial Judge was abused; International Ass'n, v. Federated Ass'n, Tex.Civ.App., 109 S.W.2d 301, at page 305, and cited authorities; (2) that the trial court must be deemed to have made all findings-of-fact that were necessary to support the judgment it rendered, if there was evidence sufficient to support the same. The Fair, Inc. v. Retail Clerks International Protective Ass'n, Tex.Civ.App., 157 S.W.2d 716, at page 718.

The ability and the courtesy of counsel for both sides have further lightened the burdens of this court by agreement between them in their briefs, and especially in their oral arguments at this bar, whereby, to all intents and purposes, they agree upon what the law of this case is—differing only, and that as widely as the east is far from the west, over what the facts were in the extended evidence heard by the trial court over the whole field, to which that law could be applied.

■ In other words, it is so mutually agreed between counsel that under the latest applicable decisions of our appellate courts, the picketing appellants were carrying on as to the appellees' project up to the filing of this petition for injunction on Wednesday February 12, 1947, upon the latter's part was permissible so long as it was in fact peaceful; but that, if and whenever such picketing became so enmeshed with violence, intimidation, or force, as to interfere with the orderly conduct of the appellees' enterprise, it became unlawful and subject to being enjoined; in that connection both parties cite and rely upon Borden Co. v. Local No. 133, Tex. Civ.App., 152 S.W.2d 828; Milk Wagon Drivers v. Meadowmoor Dairies, 312 U.S. 287, 61 S.Ct. 552, 85 L.Ed. 836, 132 A.L.R. 1200; Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093; Carlson v. California, 1940, 310 U.S. 106, 60 S.Ct. 746, 84 L.Ed. 1104; American Federation of Labor v. Swing, 1942, 312 U.S. 321, 61 S.Ct. 568, 85 L.Ed. 855.

Pursuant to the principles enunciated, this court has made a careful examination of the extended body of the statement of facts, with the result that (notwithstanding numerous conflicts in the testimony) it finds the evidence to have been sufficient to sustain these, among many other, findings of fact by the trial court, as in support of its judgment, to-wit:

That the appellant Unions' enjoined picketing had been attended by and entertwined with these unjustifiable acts:

"(a) Stopping and turning back a Government Agent, and threatening him with physical violence.

"(b) Assaulting and severely beating the principal independent contractor on the job, as he attempted to go to work.

"(c) Assaulting and severely beating the son of the principal independent contractor, as he attempted to go to work.

"(d) Cursing, and using abusive, threatening, and intimidating language towards numerous employees of appellees.

"(e) Frightening and intimidating appellees' employes, with such threatening language as, 'We will get you before the day is out!'; 'You are next!'; 'When you go through, you go through at your own risk!'; 'We are not fooling!'; '* * * you will get your head skinned!'; 'There is sure as hell going to be trouble if you let the cars in there!'; 'It is dangerous to go in!'; 'If you go in there, there is a Hereafter!'"

"(f) Shooting into appellees' equipment.

"(g) Shadowing appellees' employees, as they left work.

"(h) Stopping, intimidating, and threatening with physical violence, third parties having business with the appellees, as they attempted to come on to the premises.

"(i) Congregating in large numbers so as to block the entrances to the project to employees of appellees and prospective home-purchasers from them."

While the quoted recitations have been, for convenience, taken from the appellees' brief, they are adopted by this court as correctly reflecting the record. It must accordingly be assumed that the trial court duly made such enumerated findings; that being true, it is further held that such acts brought this case squarely within—not only the holdings of this court in the cited International Ass'n. v. Federated Ass'n., Tex.Civ.App., 109 S.W.2d 301, and Borden Co. v. Local No. 133, Tex.Civ.App., 152 S.W.2d 828, cases, but also those of the United States Supreme Court in Milk Wagon Drivers v. Meadowmoor Dairies, 312 U.S. 287, at page 297, 61 S.Ct. 552, 85 L.Ed. 836, 132 A.L.R. 1200, supra.

This court cannot join the appellants in their insistence that the evidence showed that "the score stands about even" between the opposing parties as to violence, unprovoked assault, and other improper conduct between the opposing parties; moreover, that was a matter wholly for the trial court to determine, and this court may not impinge upon its province about having passed upon the credibility of the witnesses for itself. The Fair, Inc. v. Retail Clerks International Protective Ass'n, supra.

Neither may it be held, in the circumstances set out, that the trial court went beyond a sound judicial discretion in so enjoining all picketing, since, in the language of the Supreme Court of California, Steiner v. Long Beach Local No. 128, 19 Cal.2d 676, 123 P.2d 20, 26, "no logical distinction may be drawn between picketing enmeshed with actual violence and picketing carried on with threatened violence and physical intimidation."

If, however, appellants feel themselves legally aggrieved over the reaches of the order here involved, or over a claimed cessation of the illegal acts the trial court so presumptively found to be existing at the time it granted the injunction, that is, on March 4, 1947, since, as above indicated, this was a mere temporary writ, no reason appears for their not being able to seek amelioration from the trial court, even before a trial of the cause for permanent injunction, on a showing of changed conditions. This court, being bound by the record before it, may not assume any such authority. The judgment will be affirmed.

Affirmed.