G. A. BURBRIDGE et al., Appellants,

v.

John W. L. HICKS et ux., Appellees.

No. 12957.

Court of Civil Appeals of Texas.

Galveston.

Jan. 19, 1956.

Rehearing Denied Feb. 16, 1956.

Bryan, Suhr & Bering; James P. Bailey and Norman J. Bering, Houston, for appellants.

Al L. Crystal, Houston, for appellees.

HAMBLEN, Chief Justice.

This suit was originally instituted in the District Court of Harris County by appellees, seeking therein to cancel a note and deed of trust on certain real property located in the City of Houston, and further seeking damages, actual and exemplary, in the sum of $40,000 on account of alleged fraud and deceit practiced upon appellees by the appellants. Ancillary to this suit appellees sought a temporary injunction restraining appellants during the pendency of

the suit from interfering with appellees' peaceful possession of the property and from foreclosing upon the note and deed of trust held by appellants. On May 1, 1953, the District Court of Harris County entered an order restraining the appellants from selling, transferring or in any way or manner disposing of their note and deed of trust lien, or from taking any action in foreclosing same during the pendency of the suit upon its merits and so long as the appellees should make certain payments as provided for in such order. This order is recited by the court to be an agreed order. The appellants contend that it is not an agreed order. We consider the point immaterial.

On September 24, 1955, the appellants filed their motion to dissolve such temporary injunction. On October 10, 1955, the District Court entered its order denying such motion to dissolve. The appeal now presented is from such order.

No statement of facts is presented in the record and it appears from the recitations of the briefs of the respective litigants that no hearing was had upon appellants' motion to dissolve the temporary injunction. From the findings of fact and conclusions of law filed by the trial court it appears that all evidence tendered by the appellants was refused by the trial court and the order refusing to dissolve the temporary injunction appears to have been entered upon the state of the pleadings. Among the findings of fact filed by the trial court is one to the effect that every allegation made by the appellants in their motion to dissolve is true. In passing, it should be noted that appellants' motion to dissolve was sworn to.

 Upon examining the appellants' motion to dissolve the temporary injunction in connection with the trial court's finding of fact that every allegation therein is true, we conclude that his order refusing to dissolve the temporary injunction was erroneous as a matter of law and that the judgment of the trial court so entered must be reversed

Among other allegations contained in such motion is one to the effect that the appellees failed and refused to pay ad valorem taxes due upon the property securing appellants' promissory note; that suit will be filed immediately by the taxing authorities for the recovery of said taxes, penalty and interest, and for foreclosure of the tax lien securing the same. Appellants further alledged that the appellees have allowed the improvements upon the property securing appellants' promissory note to deteriorate and fall into a state of disrepair so as to greatly depreciate its value and that there has consequently been a change of condition and a change in the status quo since the granting of the temporary injunction so that the same should therefore be dissolved.

It is this Court's view that in the light of the established facts, as above set forth, there is no field in which the discretion of the trial court may be exercised in the granting or refusing of the motion to dissolve the temporary injunction, but on the other hand that appellants, as a matter of law, are entitled to a dissolution of the same.

 It is established law in Texas that a temporary injunction issued for the purpose of maintaining the status quo of property pending the trial of a suit involving such property may be dissolved at any time after answer filed upon a showing of a change of condition under which the party at whose instance the injunction was first issued is no longer entitled to the relief granted. In the present case the note and deed of trust given by appellees to the appellants specifically provided for the payment by the maker of ad valorem taxes. The court has found as a fact that the appellees have failed in their obligation to pay the same over a period of several years, as a result of which the taxing authorities will institute suits for the foreclosure of their tax lien, whereby appellants are in danger of losing their security. None of these allegations has been denied by the appellees and they are taken as true, based upon the findings of the trial court.

The note and deed of trust further provided that the appellees should maintain the property securing such obligation in a good state of repair. Appellants have alleged, and it must be taken as true, that appellees have failed to perform their obligation in this respect to the point where appellants' security has depreciated and has been impaired.

Neither of these conditions existed at the time of the issuance of the temporary injunction. Rather than using the writ issued to them for the purpose for which it was issued, namely, to maintain the status quo, appellees have used the protection of the writ to seriously harm and injure the appellants. Upon this proposition alone we conclude that the trial court should have dissolved the temporary injunction. See Ross v. Veltmann, Tex.Civ.App., 161 S.W. 1073.

Furthermore, it is a rule of equity that after an injunction has been granted for the purpose of maintaining the status quo of property, the complainant must use due diligence in the prosecution of his case or the injunction will be dissolved, especially where the defendant (appellant here) is being deprived of the use of property or is otherwise suffering loss because of the restraint. 32 C.J., page 406, § 687; 43 C.J.S., Injunctions § 242 p. 406.

The record here shows, and the Court so finds, that no request for a setting of the instant case for a trial upon its merits has ever been made during the three years that the case has been pending upon the docket. While we do not intend to hold that a delay of three years in the prosecution of a suit is under every condition and as a matter of law such a delay as would entitle the defendant to a dissolution of a temporary injunction we do say that under the state of this record and in the complete absence of any equity flowing in appellees' favor warranting the continuance of such relief that as a matter of law the injunction should be dissolved.

We, therefore, conclude that the judgment of the trial court must be reversed and judgment here rendered that the injunction heretofore issued be in all respects dissolved.

Reversed and rendered.

GANNON, J., not sitting.