**John A. RAWLINS, Appellant,**

**v.**

**Betty Jean Mudge STAHL et vir, Appellees.**

**No. 15594.**

Court of Civil Appeals of Texas.

Dallas.

Oct. 30, 1959.

Rehearing Denied Nov. 27, 1959.

Johnson, Guthrie & Stanfield, Dallas, for appellant.

Scurry, Scurry, Pace & Wood, Dallas, and Owens, Purser & Bourland, Austin, for appellees.

DIXON, Chief Justice.

This is an appeal from an order dissolving part of a temporary injunction.

On October 21, 1955, Mrs. Betty Jean Mudge filed suit against John A. Rawlins to cancel a contract of employment. Mrs. Mudge had employed Judge Rawlins as her attorney to represent her in obtaining a divorce from her husband and had signed a written contract dated May 17, 1955, wherein it was stipulated that as a fee Judge Rawlins should be paid 25% of all monies and properties recovered by him for her. On July 20, 1955, Mrs. Mudge discontinued the services of Judge Rawlins as her attorney, and employed other counsel. Sometime thereafter a property settlement was effected with her husband and a divorce was granted to Mrs. Mudge. Later she married again, her new name being Stahl.

In response to the suit for cancellation of the contract Judge Rawlins filed an answer and a cross-action seeking enforcement of the contract and judgment for 25% of the property awarded to appellee at the time her divorce was granted. A summary judgment was rendered in favor of Judge Rawlins on his cross-action. Mrs. Stahl appealed. We reversed the summary judgment and remanded the case for trial of certain fact issues. Our opinion, written by Justice Young, appears in Stahl v. Rawlins, Tex.Civ.App., 304 S.W.2d 549, to which reference is here made for a full copy of the written contract and other details pertaining to this litigation.

On February 1, 1956, Judge Rawlins filed an application for appointment of a receiver to take possession of the property in dispute. However the application for receiver was not prosecuted to a conclusion. The evidence before us is to the effect that before the receivership hearing had been concluded the parties through their attorneys agreed to a temporary injunction in order to avoid the possibility of a receivership and the attendant heavy expense.

On March 15, 1956, the order for a temporary injunction was signed by the Honorable A. R. Stout, Judge of the 40th Judicial District sitting for Judge of the 44th Judicial District of Texas. Since this temporary injunction is the subject of this appeal, we deem it appropriate to copy material parts of the order: "This day came on to be heard the Trial Amendment of the cross-plaintiff John A. Rawlins, seeking an injunction against the Republic National Bank of Dallas and the Preston State Bank, of Dallas, and came the parties and their attorneys in open court and announced to the Court that they had agreed upon the terms of a temporary injunction to be issued herein; and it appearing to the Court that the parties had agreed to such injunction and that it should issue: * * * (a) The Republic National Bank of Dallas is hereby temporarily enjoined from honoring any checks written by Betty Jean Mudge or by anyone having power to check upon her ac-

count, payable to anyone, at any date, which would reduce her balance and account below the sum of $2,394.50, but the said Republic National Bank of Dallas may honor any checks which do not deplete the said account below the said sum; (b) The Preston State Bank is hereby temporarily enjoined from allowing Betty Jean Mudge or anyone authorized by her, or any other person in the world, from having access to, entering, opening, withdrawing from, or going into, the safety deposit box of Betty Jean Mudge, with this exception; * * * that said appraiser shall appraise the contents of said safety deposit box and replace each and every item in said safety deposit box, with the exception of the following: one pair gold swirl earrings; one gold and diamond dome ring; one gold diamond and topaz watch; one platinum diamond choker necklace; one platinum diamond wrist watch; one platinum diamond and sapphire ring, and one platinum diamond and black pearl earrings, which said items shall be allowed to be surrendered to the possession of Betty Jean Mudge, on the condition that she carry a policy of insurance insuring said items against loss of any kind * * * that said safety deposit box of Betty Jean Mudge shall not be gone into again until the further orders of this Court; that the safety deposit box keys be required to be surrendered to this Court to be held until the further orders of this Court, or to be held by the Clerk of this Court. * * * All of said temporary injunctions shall be and are effective until the further orders of this Court."

On September 2, 1958, the case came on for trial on its merits before a jury. On September 9, 1958, the jury returned its verdict. Both sides filed motions for judgment, the motion of Mrs. Stahl asking in the alternative that a mistrial be declared. In February 1959 the court declared a mistrial.

Meantime on December 11, 1958, after the return of the jury verdict but before the court declared a mistrial, appellee, Mrs. Stahl, filed a motion to dissolve the temporary injunction. The grounds alleged in the motion were that appellant Rawlins had testified at the trial on the merits that he was making no claim to a ¼ interest in the jewelry owned by Mrs. Stahl or to her separate property.

On January 14, 1959, the trial court sustained in part the motion to dissolve the temporary injunction. The order provided in effect that the provisions of sub-paragraph (b) of the temporary injunction of March 15, 1956, be dissolved and that the keys to Mrs. Stahl's safety deposit box at Preston State Bank be delivered to her; but the motion to dissolve was denied as to the money on deposit to Mrs. Stahl's credit in the sum of $2,395.50 with Republic National Bank of Dallas.

Since the motion to dissolve was based on Judge Rawlins' testimony at the trial on the merits, we quote parts of his testimony:

"Q. Now, I want to get your testimony clear in regard to the separate property. Have you just testified that you made no claim, now make no claim, and never intended to make any claim to the personal jewelry, the automobile and the clothing of Mrs. Mudge, now Mrs. Stahl? A. My testimony is that at the time this contract was drawn and at the time of my discharge, I made no claim to any other property than that which I would recover for her, and that was a fourth interest.

"Q. In what? A. In everything that I recovered for her.

"Q. Well, did you explain to her, I believe you've just stated that you didn't, did you explain to her that that did or did not include her jewelry—her jewels, her furs, her automobile? A. I didn't explain it any further than read the paragraph which took that out of contention by saying that it was then in her possession, and I signed the contract.

"Q. Well, you've just stated that you never heard or contemplated any such interpretation as the effect that you were claiming a part of her jewels

and so forth under this contract, am I correct? A. I could not have claimed any part of it unless I recovered it, and she had it already under the terms of the contract. * * *

"Mr. Page: Then was it your intention at the time of the preparation of this agreement that it did not include her jewels, her furs, and her automobile? A. Well, it was my intention, and it's expressed in the contract. That's the reason I put it in, that she had it in her possession. How can I recover anything that she's already got? * * *

"Q. Did you intend to make any claim against those items? A. No, it was not in contention and I didn't intend to get 25% of anything else that Mr. Mudge in the final trial of the case conceded was her separate property.

"Q. In other words, you did not at that time, intend to receive any part of her jewels, her furs, and her Cadillac, am I correct in that? A. No.

"Q. You did not? A. Not at that time. If I ever had any claim on it, it would be because I accepted the judgment.

"Q. I'm speaking only of under your contract at the time. You made no claim for any of that property, is that correct. A. That's right."

In his first and third points on appeal appellant Rawlins asserts that since the temporary injunction was entered by agreement of the parties it partakes of the nature of a contract and cannot later be dissolved upon motion of the party enjoined except on a showing of fraud, accident, or mistake; and it was abuse of discretion for the court to order the dissolution. In support of this contention we are cited to 25 Tex.Jur. 388, and 391; 30A Amer.Jur. 611 and 612.

Appellee Stahl in her first counterpoint points out that the temporary injunction by its own terms was made subject to "the further orders of this Court", hence it was un-

necessary for appellee to plead and prove fraud, accident, or mistake, but only to show that a change in conditions had occurred which made the temporary injunction unnecessary.

■■■ As a general rule a final judgment entered by agreement is considered to be contractual in nature and is not to be set aside *except* on a showing of fraud, accident or mistake. We do not question that general rule of law. But here we are not dealing with a final judgment which concludes and disposes of the controversy between the parties. We are dealing with an interlocutory order, a temporary injunction, a part of the procedural machinery by which the court keeps control of the case pending trial and final determination of the case on its merits. We believe that the temporary injunction in the instant case, though agreed to, is not to be regarded as an unalterable contract, but is a remedial writ through which the court exercised its equity jurisdiction in order to maintain the status quo. And as such it is subject to dissolution upon a showing of changed conditions which make the temporary injunction unnecessary or improper. Burbridge v. Hicks, Tex.Civ.App., 286 S.W.2d 678; Ex parte Hughes, 133 Tex. 505, 129 S.W.2d 270; Bennett Lumber Co. v. Fall, Tex.Civ. App., 157 S.W. 209; 24A Tex.Jur. 331.

■■■ Appellee also insists that a contract like that relied on by appellant, providing for the payment of a fee to an attorney contingent upon his procuring a divorce for his client or contingent upon the amount of alimony or property to be recovered is void as against public policy. See 5 Tex.Jur. 522, 27A C.J.S. Divorce § 223, p. 981 and 17 Amer.Jur. 670. However we note that appellee Stahl concedes that she owes Judge Rawlins a reasonable fee for the value of services rendered by him up to July 20, 1955, the date on which she terminated his employment. It seems to us that these are matters to be adjudicated at a trial on the merits, not on this appeal from an order dissolving a temporary injunction in part.

Under the circumstances presented to us in this record we are of the opinion that the trial court had the power and authority, because of changed conditions, to dissolve the temporary injunction, though it was originally agreed to by appellee; and we cannot say that there was any abuse of discretion in entering the order of dissolution. Appellant's first and third points on appeal are overruled.

■ In his second point on appeal appellant takes the position that property held in custodia legis by the 44th District Court of Dallas County, Texas, is withdrawn from the jurisdiction of every other court, and the custody of the 44th District Court cannot be disturbed by the 14th District Court of Dallas County, Texas.

The temporary injunction was decreed by Judge A. R. Stout of the 40th Judicial District of Texas sitting for the Judge of the 44th Judicial District of Dallas County, Texas. The trial on the merits and the dissolution of the temporary injunction were matters tried before Judge Sarah T. Hughes of the 14th District Court of Dallas, Texas. In her brief appellee says that the case had been transferred from the 44th District Court to the 14th District Court. The cause number so indicates. However we find no copy of an order of transfer in the Transcript on file. For that matter, with reference to the entering of the temporary injunction, we find no order transferring Judge Stout to Dallas to sit for the Judge of the 44th District Court.

Nevertheless we see no merit in appellant's second point. At the time of the hearing Dallas County had seven Civil District Courts. Any Dallas District Judge may hear motions, petitions for injunction, and other matters in the court in which the case is pending without having the case transferred to the Court of the Judge Acting. Rules 330(e) and 330(h), Vernon's Ann.Texas Civil Rules. Appellant's second point is overruled.

■ Appellant's fourth point is that it was error for the court to dissolve partially a temporary injunction against the defendants Republic National Bank of Dallas and Preston State Bank where the said defendants did not join in the motion and were given no notice of the hearing thereon.

Appellee in reply asserts that the record is void of any citation, notice, appearance, pleading or other method by which either Preston State Bank or Republic National Bank has been made a party to this suit. In her third counterpoint appellee takes the positive stand that neither Bank was ever a party to the suit as codefendants, stakeholders or in any other capacity. Her position is that the security was in reality not the writ itself, but the handing over of the keys to her safety deposit box to the Clerk of the 44th District Court so she could not get into the box.

Appellant in a supplemental brief points to the first paragraph of the temporary injunction order, hereinbefore quoted, and argues that said recitation imparts an absolute verity of the appearance of the Banks in person and by attorney and their agreement to the injunction.

Unless we accept the above-quoted recitation as a basis for holding that the two banks were present in court and entered their appearance by their attorneys when the temporary injunction was granted, there is nothing in the record to show they were parties to any of the proceedings involved herein. They were not named as parties in the record before us on the former appeal. They are not named in the First Amended Cross-Action filed by Judge Rawlins on February 1, 1956. They are not named in his application for receiver filed February 1, 1956. No pleading of any kind by either bank is shown in the record. Appellant asked for the temporary injunction by agreement in a trial amendment filed March 15, 1956, the same day the order was entered.

In the light of the recital itself considered with the record as a whole and in the face of appellee's contention, we are compelled to the conclusion that the recital

is ambiguous, and therefore cannot be accepted as a basis for our holding as a matter of law that the Banks had entered their appearance as parties in this suit.

In any event we must take note that the only complaint about the dissolution comes from appellant Rawlins. There is no doubt that he was represented by his attorneys at the hearing. Witnesses testified and evidence was offered in his behalf opposing the dissolution of the temporary injunction.

But we do not find in the record any complaint from either of the Banks. If their rights are affected (we do not hold that their rights are affected), it is for them to complain. And under the circumstances appellant will not be heard to complain for them.

Appellant's fourth point is overruled.

The judgment of the trial court is affirmed.