**A–COS LEASING CORPORATION, Appellant,**

v.

**RIVERSIDE NATIONAL BANK, Appellee.**

**No. 7115.**

Court of Civil Appeals of Texas,
Beaumont.

Jan. 29, 1970.

Rehearing Denied Feb. 19, 1970.

**436**

Johns, Williard & Hannah, Beaumont, for appellant.

Urban, Coolidge, Pennington & Heard, Houston, for appellee.

STEPHENSON, Justice.

This is an appeal from an order setting aside a judgment entered nunc pro tunc granting a temporary injunction and denying the temporary injunction. The parties will be referred to here as they were in the trial court.

Riverside National Bank and others, as plaintiffs, brought suit against A–Cos Leasing Corporation and others, as defendants. Defendants filed an application for a temporary restraining order and temporary injunction to restrain plaintiffs from foreclosing on certain real estate. The temporary restraining order was granted and a hearing set for June 18, 1968, on the temporary injunction. Some thirteen months later, July 16, 1969, an order was entered granting the temporary injunction. This order contained the recitation that the parties had appeared before the court June 18, 1968, and had announced to the court that the parties had agreed that the temporary restraining order should be continued as a temporary injunction until the case could be heard on the merits. This order contained this notation just before the judge's signature: "ENTERED at Houston, Harris County, Texas, this the 18th day of June 1968, filed nunc pro tunc as of 2:15 p. m. on July 16 1969." Fourteen days later, July 30, 1969, the court signed and entered the order from which this appeal is taken. No statement of facts has been filed in this court, however, findings of fact were found by the trial court, containing in part the following:

"FINDINGS OF FACT

\*    \*    \*    \*    \*    \*

"2. That on June 18, 1968, a hearing on Temporary Injunction was held wherein A–COS Leasing Corporation, et al,

were Movants and Riverside National Bank, et al, were Respondents.

"3. That no testimony was taken at such hearing.

"4. The parties represented unto the Court that without a hearing the parties would attempt to reach an agreement and reduce it to writing, each party agreeing to the written order and if no agreement could be reached then a full hearing would be necessary.

"5. That the parties thereto agreed that such written order was to be presented to this Court.

"6. That no such written agreement was ever presented to this Court or formulated between the parties.

"7. That a Temporary Injunction was not granted June 18, 1968.

\* \* \* \* \* \*

"10. That on July 16, 1969, Alonza O. C. Sargent, representing A–COS Leasing Corporation, et al, presented to this Court for signature and entry an order granting Temporary Injunction which was represented as being the written agreement between the parties, and agreed to by the Respondents.

"11. Relying on such representation, which this Court now finds to have been false, this Court signed and entered the Order June 18, 1968, filed nunc pro tunc as of 2:15 P.M., on July 16, 1969.

\* \* \* \* \* \*

"16. That no notice was given to the Respondents by the Movants of their intention to enter a judgment nunc pro tunc.

"17. That no bond was set or filed for the Temporary Injunctive Order entered nunc pro tunc.

"18. That the parties hereto have never worked out an agreement to be presented to this Court for entry as a Temporary Injunction, and no testimony was ever given to support the entry of a Temporary Injunction absent agreement by the parties."

Defendants have a series of points of error challenging the authority of the trial court to act upon plaintiffs' motion to vacate the temporary injunction. It is contended in substance, that the trial court rendered its judgment granting the temporary injunction June 18, 1968, although it was entered July 16, 1969, nunc pro tunc, and that the judgment had become final. Their points are overruled.

This question was settled by the Supreme Court of Texas in Ex Parte Godeke (1962), 163 Tex. 387, 355 S.W.2d 701. In this case the judgment shows it came on to be heard October 30, 1961, and was signed and entered December 21, 1961. The Supreme Court had to construe Rules 306a and 329b in order to determine whether or not that case was "pending," just as we must in the present case. The prevailing law is there stated as follows:

"The controlling and all important question in this case is whether or not on December 29, 1961, the date of the Nueces decree, the Milam County cause was a 'pending case.' Under the provisions of our Rules of Civil Procedure this question must be answered in the affirmative. Rules 306a and 329b must be considered together. Rule 306a provides that 'the date of signing' (December 21 in this case), as recited in the judgment or order, shall be deemed the date of rendition thereof in determining the time within which to file a moton for new trial, notice of appeal, etc. Rule 329b, § 5 provides that, 'after the expiration of thirty (30) days from the date judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law.'

"If October 30 were taken as the date of rendition of judgment, the same would become impervious to direct attack ex-

**438**

cept by bill of review on November 29, thirty days after such date of rendition. However, under Rule 306a, taken in connection with Rule 329b, the Court would be clearly authorized to set aside the judgment upon motion for new trial or upon its own motion any time within 30 days after judgment was rendered. Rule 329b, § 5. Our Rules of Civil Procedure must be construed so as to produce harmony rather than discord. It would be self contradictory to say that the judgment could *only* be attacked by bill of review from and after November 29, but that within thirty days after December 21, the judgment could be set aside on the court's own motion,—or by action upon a motion for a new trial. The question here is one of pendency. A cause still pends in a trial court so long as a judgment rendered therein remains subject to attack by motion for new trial or subject to judicial vacation or modification by such court under the terms and provision of Rule 329b."

Applying the law of the Godeke case to the present case, on July 30, 1969, this case was "pending" in the trial court and it had authority to enter the order vacating and denying the temporary injunction. The motion to vacate filed by plaintiffs was not a collateral attack, and it was not necessary for plaintiffs to file a bill of review.

Defendants have a point of error that the trial court erred in dismissing their contempt of court action brought against plaintiffs. The record shows on July 16, 1969, the same day the court signed the order granting the temporary injunction, an order to show cause was secured by defendants. July 30, 1969, the same date the temporary injunction was vacated, the trial court entered an order dismissing the contempt proceeding. The trial court having authority to vacate the temporary injunction, also had jurisdiction to act upon the contempt proceeding. The point is overruled.

Defendants' last point of error is that the trial court erred in failing to file proper findings of fact and conclusions of law. As shown above, the trial court filed extensive findings and conclusions which are included in the transcript. Defendants requested supplemental findings and conclusions as provided for in Rule 298. No further action was taken by the trial court. A review of the findings and conclusions made by the court and the supplemental requests affirmatively shows the defendants have not been injured by the court's failure to make further findings. This point is overruled. Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117 (1944).

Affirmed.