**BUFFALO RANCH COMPANY, LTD., Appellant,**

v.

**BURLESON COUNTY APPRAISAL DISTRICT and Burleson County Appraisal Review Board, Appellees.**

No. A14–89–280–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 4, 1990.

Bill Youngkin, Bryan, for appellant.

Merrily Moore, Austin, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment modifying the appraised value of a parcel of

real estate for taxation purposes. Findings of fact and conclusions of law were requested and filed. In two points of error appellant challenges the trial court's final valuation, and on cross-point appellees assert that the cause should be reversed and remanded because the court never acquired personal jurisdiction over a necessary party. After a thorough examination of the facts and issues we find no merit in appellant's points; however, we sustain appellees' cross-point and consequently reverse and remand the cause for reconsideration by the trial court.

Appellant Buffalo Ranch Company, LTD. (appellant or Buffalo Ranch), brought suit against Burleson County Appraisal District (appellee or Appraisal District) and the Burleson County Appraisal Review Board (appellee or Review Board) to have its Burleson County property devalued for taxation purposes, to obtain an agricultural use exemption, and to recover the resulting attorneys' fees. Following service, the Appraisal District filed an answer, but the Review Board made no response. On October 21, 1987, a hearing was held in which the court granted appellant an interlocutory default judgment against the Review Board. The judgment assessed attorneys' fees at $2,500 and placed the value for the Buffalo Ranch property at $6,034,540, or $700 an acre for the ranch's 8,291.3 acre tract. The bench trial was held on August 4, 1988, but again only Buffalo Ranch and the Appraisal District appeared. The court overruled appellee's plea to jurisdiction, failure to join a necessary party, and plea in abatement. The court heard additional evidence on land value and on increased attorneys' fees and signed a judgment on November 30, 1988, withdrawing the prior interlocutory judgment and establishing a value of the ranch property at $7,752,113.05, or $935 an acre, and assessing attorneys' fees at $3,000.

In its first point of error appellant claims the trial court erred in setting aside the October 21st judgment and replacing it with the November 30th judgment. According to appellant, the court had lost its plenary power over the case prior to the court's November decision, making that judgment improper. We disagree.

The trial court styled the October judgment as an interlocutory judgment because it attempted to dispose of only one party (the Review Board) and one issue when the case involved multiple parties and issues. Trial courts have the power to set aside an interlocutory judgment at any time prior to the entry of the final judgment. *Garrison v. Texas Commerce Bank,* 560 S.W.2d 451, 454 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.) (citations omitted); *see also Reimer v. Scott,* 666 S.W.2d 384, 385 (Tex.App.—Houston [14th Dist.] 1984, writ dism'd); *York Div., Borg–Warner Corp. v. Security Sav. and Loan Ass'n, Dickinson,* 485 S.W.2d 327, 332 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.). A final judgment must fully dispose of all issues and all parties in the lawsuit. *Hinde v. Hinde,* 701 S.W.2d 637, 638 (Tex.1985).

Although Buffalo Ranch waived the issue of agricultural exemption at the August 4th trial, appellant presented evidence concerning its increased attorneys' fees subsequent to the default judgment, supporting that the issue remained unresolved. Additionally, the court made no conclusions concerning the Appraisal District and the issues in relation to the district at the default hearing on October 21, 1987, making it impossible for that judgment to constitute a final judgment. The court did not dispose of the remaining party and issues until its judgment of November 30th. Consequently, we overrule appellant's first point.

In its second point of error appellant asserts that the trial court's ruling was against the great weight and preponderance of the evidence. To determine if a trial court ruling was against the great weight and preponderance of the evidence a court of appeals must review all evidence, both for and against appellant, and determine whether the trial court's finding is so against the weight of the evidence as to be manifestly unjust. *M.J. Sheridan & Son Co., Inc. v. Seminole Pipeline Co.,* 731 S.W.2d 620, 622–23 (Tex.App.—Houston

[1st Dist.] 1987, no writ). In order to affirm the lower court's conclusions, the record must contain evidence of more than mere probative force. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1952).

At trial appellant called no witnesses to support its appraised value of Buffalo Ranch. The Appraisal District called three witnesses and an adverse witness, Terry Seago, to testify to the value of the land and their methods of appraisal. Seago had previously testified for appellant at the default hearing and concluded at that time that Buffalo Ranch was worth approximately $700 an acre. Although Seago did not assign a value to the property at the November 30th trial, the remaining three witnesses gave varying estimates of the property's worth ranging from $900 to $1,080 an acre. The witnesses, including Seago, commented on variables affecting the merit of the land including size, accessibility, quality of the soil, and proximity to the Brazos River and noted recent selling prices of similar properties located near Buffalo Ranch to assess a value for that acreage. Although the weight given the diverse factors varied from witness to witness, we cannot say that the trial court's valuation of the property at $935 per acre is so against the great weight and preponderance of the evidence as to be manifestly unjust. The Appraisal District's three witnesses offered evidence of more than mere probative value and substantiated their appraisals with the factors they considered. As a result, we overrule appellant's second point.

In a cross-point appellees assert that the trial court never acquired personal jurisdiction over the Review Board, a necessary party to the action. We agree.

The Texas Property Tax Code requires that the Appraisal District and the Review Board be parties to a taxpayer's appeal of an order issued by the Review Board. TEX.TAX CODE ANN. § 42.21(b) (Vernon Supp.1989).[1] The agent for service on the Review Board is the chairman of that board. *Id.* at (c). Appellant did not serve the Review Board chairman, Melvin Rust, with citation, but mistakenly served William Giesenschlag, who had no authority to act as agent for the board.

The tax code is clear in its requirements. The Review Board must be a party to the action before a taxpayer may appeal an order issued by that board. The Review Board was never properly served, and no subsequent documents submitted by appellees contain the necessary components to constitute a waiver of process. *See Travieso v. Travieso,* 649 S.W.2d 818, 820 (Tex. App.—San Antonio 1983, no writ); TEX.R. CIV.P. 119. This court has no alternative but to sustain the appellees' cross-point.

The judgment of the district court is reversed and remanded.

requires the appraisal review board as a necessary party in an appeal of an appraisal review board order.

---

1. Although not applicable in the instant case, the State Legislature has subsequently amended Tex.Tax Code Ann. § 42.21(b) and no longer