**GXG, INC., Appellant,**

v.

**TEXACAL OIL & GAS, INC., Appellee.**

No. 13–93–461–CV.

Court of Appeals of Texas,
Corpus Christi.

July 28, 1994.

Michael A. Dover, Craig P. Henderson, Hunter, Van Amburgh & Wolf, Dallas, for appellant.

Robert L. Joseph, Joseph, Johnson & Whatley, Sinton, for appellee.

Before KENNEDY, GILBERTO HINOJOSA and YAÑEZ, JJ.

**OPINION**

YAÑEZ, Justice.

This is an appeal of an interlocutory order by the trial court effectively continuing a temporary injunction, which had previously been modified and entered pursuant to an agreed order. The action involves GXG's sale of oil and gas interests to Texacal Oil & Gas. We affirm the trial court's ruling.

GXG contends in two points of error that the trial court abused its discretion by failing to dissolve the temporary injunction as requested in a motion for contempt filed by GXG. The order denying the motion for contempt would not be subject to appeal absent this request for dissolution, but the aspect of an order concerning injunctive relief "is reviewable, even though a portion of [the order] may be interlocutory and nonappealable." *Prodeco Exploration v. Ware,* 684

S.W.2d 199, 201 (Tex.App.—Houston [1st Dist.] 1984, no writ).

The suit underlying this interlocutory appeal concerns GXG's sale of oil and gas interests to Texacal. Texacal purchased these interests partially with cash and partially with a promissory note secured by a deed of trust. Payment on the note was to begin after Texacal received assignment of the interests. Believing that GXG failed to convey all the interests bargained for, however, Texacal never paid the first installment on the note. Consequently, GXG took actions to foreclose on the deed of trust and to suspend Texacal's receipt of funds from various pipeline companies. Texacal applied for and received a temporary injunction, which enjoined GXG from conducting the trustee sale and released certain suspended funds to GXG and other suspended funds to Texacal. The trial court subsequently modified this injunction, which the court then entered pursuant to an agreed order.

Among other things, the court's agreed order directed Texacal to account for all payments and "prepare and actually deliver" all documents necessary to release the suspended funds Texacal was to receive. The order also set a deadline of 10:00 a.m. on June 1, 1993 for compliance, providing that failure to observe the time limit would terminate the injunction "without any prior notice of (or any opportunity to cure) such Breach and without further order of this Court."

On June 23 GXG moved for contempt and requested dissolution of the injunction, asserting that Texacal's accounting was inadequate and that Texacal did not provide the necessary documents until June 4. Texacal stipulated that delivery of the documents was not timely, but the court nonetheless overruled GXG's motion for contempt and denied all relief. GXG contends that either breach should have dissolved the injunction by its own terms and brings two points of error claiming the trial court abused its discretion by failing to enforce the order as agreed. We disagree.

■ GXG's first point of error concerns the alleged inadequacy of Texacal's accounts as a cause for the injunction's termination by its own terms. The record contains conflicting testimony about Texacal's diligence in ascertaining GXG's requirements and about the completeness of the information Texacal provided. We have previously addressed the matter of appellant's burden in such an interlocutory appeal:

> The burden of proving that the trial court, in denying a motion to dissolve a temporary injunction issued prior to a trial on the merits, abused its discretion is on the litigant who attacks the court's action.

*State v. Friedmann,* 572 S.W.2d 373, 375 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). Moreover, "all reasonable presumptions [must] be indulged in support of the trial court's judgment." *Valenzuela v. Aquino,* 763 S.W.2d 43, 44 (Tex.Civ.App.— Corpus Christi 1988, no writ). By long tradition under Texas law, the trial court enjoys broad license in interlocutory injunctive rulings, which "should not be overturned unless the record discloses a clear abuse of discretion." *Texas Foundries v. International Molders & Foundry Workers Union,* 151 Tex. 239, 248 S.W.2d 460, 462 (1952). The facts of record, with all inferences drawn in a light favorable to the trial court's ruling, show no abuse of discretion in finding Texacal's accounting minimally adequate to sustain the injunction. Appellant GXG has not met the burden of proof and we therefore overrule the first point of error.

■ Regarding GXG's second point of error, the order calls for automatic dissolution of the injunction upon any breach of the agreed terms. Texacal has admitted such a breach in stipulating that it failed to deliver the release documents until three days after the deadline. GXG contends that the aspect of an agreed order that partakes in the nature of a contract wholly removes this matter from the discretion of the trial court. Again, we disagree.

In support of their argument about the contractual character of an agreed order, appellant GXG cites *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890 (1956), *Spradley v. Hutchison,* 787 S.W.2d 214 (Tex.App.— Fort Worth 1990, writ denied), and *Giraud v. Reserve Realty,* 94 S.W.2d 198 (Tex.Civ. App.—San Antonio 1936, writ ref'd). These

three cases stand for the well-established rule that an agreed order disposing of all issues in a case is both a judgment and contract binding upon the parties. But the case before us now does not involve an order disposing of all issues in the case. Although the language of the injunction appears to offer the last word on the subject, we must ignore such matters of form and focus on the character and function of the order instead. *Del Valle Indep. School Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex.1992); *Conway v. Irick*, 429 S.W.2d 648, 649 (Tex.Civ.App.—Fort Worth 1968, writ ref'd). The cases cited by GXG have no bearing on our decision in this matter.

GXG's position is not, however, without legal precedent. *See Gregory v. White*, 604 S.W.2d 402 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.), *cert. denied*, 452 U.S. 939, 101 S.Ct. 3081, 69 L.Ed.2d 953 (1981). The *Gregory* court perceived "no justification either in law or logic for applying a different rule to agreed interlocutory judgments than to agreed final judgments." *Id.* at 403–04. Nevertheless, we find the reasoning in *Gregory* less convincing than the countervailing rationale underlying *Rawlins v. Stahl*, 329 S.W.2d 308 (Tex.Civ.App.—Dallas 1959, no writ). The *Rawlins* court acknowledged the contractual nature of agreed final judgments and then outlined several reasons for applying a different rule to agreed interlocutory orders:

> We are dealing with an interlocutory order, a temporary injunction, a part of the procedural machinery by which the court keeps control of the case pending trial and final determination of the case on its merits. We believe that the temporary injunction in the instant case, though agreed to, is not to be regarded as an unalterable contract, but is a remedial writ through which the court exercises its equity jurisdiction in order to maintain the status quo.

*Id.* at 311. The approach adopted by the *Rawlins* court compliments the body of case law empowering the trial court to modify its interlocutory orders. *Ocean Transp. v. Greycas, Inc.*, 878 S.W.2d 256, 262 (Tex. App.—Corpus Christi, 1994, n.w.h.); *Buffalo Ranch v. Burleson County Appraisal Dist.*, 783 S.W.2d 748, 749 (Tex.App.—Houston [14th Dist.] 1990, no writ); *Bay Ridge Util. Dist. v. 4M Laundry*, 717 S.W.2d 92, 102 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Hill v. W.E. Brittain*, 405 S.W.2d 803, 809 (Tex.Civ.App.—Fort Worth 1966, no writ); *Texas Crushed Stone v. Weeks*, 390 S.W.2d 846, 850 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.).

Significantly, *Gregory* involved an agreed settlement that was to remain interlocutory only for so long as two related cases were pending. As a result, the *Gregory* court's sweeping pronouncement on agreed interlocutory orders did not contemplate a temporary injunction or the consequent and important equity considerations. In this specific context, the greater weight of precedent reinforces *Rawlins* in acknowledging the trial court's inherent power to amend its own injunctive orders during the pendency of the case. *See Desai v. Reliance Mach. Works*, 813 S.W.2d 640, 642 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Tober v. Turner of Texas*, 668 S.W.2d 831, 835 (Tex.App.—Austin 1984, no writ); *A–Cos Leasing Corp. v. Riverside Nat'l Bank*, 450 S.W.2d 435, 438 (Tex.Civ.App.—Beaumont 1970, writ ref'd n.r.e.); *International Ass'n of Carpenters and Joiners v. Sharp*, 202 S.W.2d 506, 509 (Tex.Civ.App.—Galveston 1947, no writ). Yet the pivotal discernment of the *Rawlins* decision lies in its recognition that "the allowance or disallowance of a temporary injunction is an equitable procedure." *Public Utils. Comm'n v. Water Servs.*, 709 S.W.2d 765, 767 (Tex.App.—Austin 1986, writ dism'd).

The facts of the instant case illustrate the merit both in affirming the trial court's ruling and in noticing the court's power to modify agreed interlocutory injunctions. Well before the June first deadline, Texacal had performed all duties under the agreed order that were for the benefit of GXG. Texacal's only omission from complete performance concerned documents necessary to release certain funds that Texacal was to have received. Texacal cured this omission, which could have resulted in no harm other than delaying Texacal's own satisfaction under the agreed order, long before GXG brought the

motion for contempt. Seizing upon Texacal's minor noncompliance, the trial court might have found Texacal in contempt of the agreed order and dissolved the injunction. Instead, the court overruled GXG's motion for contempt and continued the effect of the injunction. Following the sound reasoning of the *Rawlins* court, we hold that the trial court enjoys the authority to reform its interlocutory injunctions whether or not they have been agreed.

After considering both of appellant GXG's points of error, we affirm the trial court's ruling.