MIERS et al.

v.

HOUSING AUTHORITY OF CITY OF DALLAS.

No. 4977.

Court of Civil Appeals of Texas.

El Paso.

Dec. 9, 1953.

Appellee's Rehearing Denied Jan. 7, 1954.

Appellee's Second Rehearing Reformed and as Reformed Affirmed April 21, 1954.

Appellant's Rehearing Denied May 12, 1954.

a jury. The sole issue submitted and answer thereto was

"Special Issue No. 1. What do you find from a preponderance of the evidence was the cash market value of the subject property on October 22, 1951? Answer in dollars, if any, and in cents, if any.

"Answer: $1800.00 (Eighteen hundred dollars)".

On this answer the court rendered judgment that the petitioner have and recover from defendants fee simple title to the property described as:

"Lots 1 and 2, Block 8 of Bonita Plaza, an addition to the City of Dallas, Texas, according to the Map or Plat thereof recorded in Vol. 8, page 146, MRDCT, and all adjoining and contiguous property owned or claimed by said defendants."

Appellant has presented and briefed twenty-one points of error. We find it necessary to discuss only one of them, i. e., that no jurisdiction attached to the trial court because the description of the property set forth in the petition is vague, indefinite and uncertain. This description is:

" * * * the following described property situated within the corporate limits of the City of Dallas, Dallas County, Texas, and being more particularly described as follows, to-wit: Situated in Dallas County, Texas, and being Lots 1 and 2, Block 8 of Bonita Plaza, an Addition to the City of Dallas, Texas, according to the Map or Plat thereof recorded in Vol. 8, page 146, MRDCT, and all adjoining and contiguous property owned or claimed by said defendants."

In the award of the Commissioners the description in the petition and order appointing the commissioners is referred to and the property specifically described as:

"Situated in DCT, and being Lots 1 and 2 Block 8 of Bonita Plaza, an

---

Nathan Rachael, Rachael & Smith, Dallas, for appellants.

Scurry, Scurry & Pace and Ralph Wood, Jr., Dallas, for appellee.

McGILL, Justice.

This is an appeal from a judgment of the County Court of Dallas County, Texas, at Law Number One, rendered in a condemnation proceeding instituted in that court by appellee as plaintiff against appellant and others as defendants. Trial was to

Addition to the CDT, according to the Map or Plat thereof recorded in Vol. 8, page 146, MRDCT, and all adjoining and contiguous property owned or claimed by said Defendants."

Article 3264, R.C.S. Vernon's Ann.Civ.St., provides that in condemnation proceedings

"The party desiring to condemn the property after having failed to agree with the owner of the land on the amount of damages shall file a statement in writing with the county judge of the county in which the land or part thereof is situated. It shall describe the land sought to be condemned, * * *."

If the description of the land sought to be condemned fails to identify it the jurisdiction of the court never attaches. Wooten v. State, 142 Tex. 238, 177 S.W.2d 56, 57, citing Parker v. Fort Worth & D. C. Ry. Co., 84 Tex. 333, 19 S.W. 518, 519; Adams v. San Angelo Water Works Co., Tex.Civ. App., 25 S.W. 165.

"The description must be such that a surveyor, or other person skilled in such matters, could take such description and definitely locate the same on the ground. It must meet the same requirements as are necessary for a description in a deed." City of Dallas v. Megginson, Tex.Civ.App., 222 S.W.2d 349, loc. cit. 351 (5, 6) (w.r.n.-r.e.).

The description here in no way identifies "All adjoining and contiguous property owned or claimed by said defendants." No officer, no matter how skilled in such matters could from such description alone place appellee in possession of the property sought to be condemned. Under the above cited authorities and many others that could be cited the court was without jurisdiction to determine the description, the description in the statement required to be filed by Art. 3264 being totally insufficient to describe the land sought to be condemned.

Therefore, the judgment of the trial court is reversed and the condemnation proceeding is dismissed. Wooten v. State, supra.

On Appellee's Motion for Rehearing.

In its motion for rehearing appellee points out that since our opinion was handed down the Court of Civil Appeals for the Fifth Supreme Judicial District in the case of Loumparoff v. Housing Authority of City of Dallas, 261 S.W.2d 224, has held directly contra on the point on which we based our decision, i. e., that the description of the property set forth in the petition for condemnation was insufficient to confer jurisdiction on the trial court. We have examined the case cited and agree with appellee that there is an irreconcilable conflict. While we exceedingly regret to conflict with our brothers of the Fifth Supreme Judicial District, we are unable to agree with the reasons assigned in the Loumparoff case. First it is said that the language "and all adjoining and contiguous property owned or claimed by said defendants" may be ignored and treated as surplusage. We think not. Condemnation is a rather drastic proceeding and every legitimate presumption should be indulged in favor of the condemnee. When the condemnor seeks to take "all adjoining and contiguous property owned or claimed by the condemnee", it is reasonable to assume that there was such adjoining and contiguous property. No matter how small the tract of such property may be, the owner cannot be deprived of it without just compensation under the Constitution of this State. Therefore, we think that to disregard the language in effect violates the Constitution. The second reason assigned is that appellant waived the insufficiency of the description by not excepting to it. We have never understood that a party or parties to a suit could waive matters which are jurisdictional, such as an insufficient description in a condemnation proceeding. The way we feel about the matter is that the conflict should be and will have to be settled by superior authority.

The motion for rehearing is overruled.

### On Appellee's Second Motion for Rehearing.

Pending disposition of appellee's second motion for rehearing we certified to the Supreme Court questions inquiring whether the description in the condemnor's statement filed in the County Court was too indefinite to confer jurisdiction on that court to render a judgment in a condemnation proceeding, and if not whether the judgment of the trial court should be reformed so as to eliminate therefrom that portion of the description of the property:

"and all adjoining and contiguous property owned or claimed by said defendants."

The Supreme Court, 266 S.W.2d 842, has answered these questions to effect that the description was sufficient to confer jurisdiction on the County Court to render a judgment in a condemnation proceeding, and that the above quoted language should be eliminated from the judgment of condemnation.

In conformity with the ruling of the Supreme Court, appellee's second motion for rehearing is granted, our former judgment set aside, and that portion of the judgment of the trial court wherein the property condemned is described is reformed so as to eliminate therefrom the words

"and all adjoining and contiguous property owned or claimed by said defendants".

As so reformed the judgment of the trial court is affirmed.

### On Appellant's Motion for Rehearing.

In his motion for a rehearing appellant assumes that we failed to decide all issues presented in his brief. We had thought that our opinion on appellee's second motion for a rehearing in which we reformed the judgment of the trial court and as so reformed affirmed it, clearly indicated that all other points raised by appellant in its brief had been overruled.

We have again carefully considered all of such points raised by appellant in his brief, and expressly overrule them. We think it unnecessary to write on these points.

Appellant's motion for a rehearing is in all things overruled.