**LOWER COLORADO RIVER AUTHORITY, Appellant,**

v.

**Robert H. McINTYRE et al., Appellees.**

No. 12013.

Court of Civil Appeals of Texas, Austin.

April 18, 1973.

Fred B. Werkenthin, Royce Jay Hailey, Jr., Small, Herring, Craig & Werkenthin, Austin, Mac Umstattd, Austin, James B. Kershaw, Bastrop, for appellant.

Harry M. Whittington, Austin, for appellees.

PHILLIPS, Chief Justice.

This is a suit for declaratory judgment and reformation of prior judgment brought by appellant, Lower Colorado River Authority, in the district court of Bastrop County. The present action arose when a dispute developed between the parties regarding the location of land involved in a prior condemnation proceeding between these same parties in this same court. In the present action appellant sought a declaratory judgment that, in the prior condemnation proceedings, appellant had in fact acquired the very easement it had intended to acquire. Appellant also sought, if necessary, reformation of the prior judgment in condemnation.

The court below, on appellees' motion, dismissed the action for want of jurisdiction. In doing so, the court heard no evidence of any type. The judgment states expressly that it is based entirely upon the pleadings. Therefore, the issue confronting this court, and the only issue to which this opinion is addressed, is whether, under the facts as set out more fully below, the district court was without jurisdiction to proceed with this action.

We hold that the district court has jurisdiction to decide this case, consequently, we reverse that court's judgment and remand the case for trial.

Appellant brought condemnation proceedings against appellees in the district court of Bastrop County, intending to condemn a right-of-way easement over appellees' property for electrical power transmission lines. Condemnation proceedings were completed with the award of the commissioners, the payment of the award by appellant and the withdrawal by appellees. After paying the award, appellant took possession of the intended easement

and began construction without objection by appellees. After the time for filing objections to the award had expired, appellees brought a suit for injunction in the district court of Caldwell County seeking to oust appellant, on the grounds that appellant had taken possession of the wrong land. Therefore, appellant filed the suit now before us in the district court of Bastrop County with the result described above.

Appellant's first point of error, which we sustain, is that of the district court erred in holding that it was without jurisdiction and in dismissing appellant's suit because the district court does have jurisdiction of appellant's cause of action to declare that appellant had acquired the intended easement by condemnation.

Appellant contends that a dispute has arisen between the parties as to the actual location on the ground of the easement appellant acquired through condemnation proceedings, and appellant is simply requesting the court to exercise its jurisdiction to resolve this dispute.

It is appellees' position that, whatever appellant intended to do, the judgment in the eminent domain action is conclusive as to what it has authority to do since the easement described in the judgment is not the one appellant wanted, the real purpose of this suit is to enlarge, by independent suit, the condemnation judgment and this assert appellees the court is without jurisdiction to do, absent compliance with statutory prerequisites. Wooten v. State, 142 Tex. 238, 177 S.W.2d 56 (1944); State v. Nelson, 160 Tex. 515, 334 S.W.2d 788 (1960).

We cannot agree with this contention.

In an appeal from judgment of dismissal for want of jurisdiction, this court must accept every allegation in the petition as true, and, subject to the requirement of good faith, it is the case alleged, rather than the case which would potentially be proved, which controls the question of jurisdiction. Jones et al v. Maples, 184 S.W.2d 844 (Tex.Civ.App.1944, writ ref.); Crow et al. v. Burnet Independent School District et al., 304 S.W.2d 439 (Tex.Civ. App.1957, writ ref. n. r. e.); Lane v. Davis, 337 S.W.2d 292 (Tex.Civ.App.1960, no writ); Lone Star Gas Co. v. Murchison, 353 S.W.2d 870 (Tex.Civ.App.1962, writ ref. n. r. e.).

In the pleadings relevant to appellant's first cause of action, appellant clearly alleges that the land described and the easement awarded in the prior judgment was in fact the very land appellant intended to take for its easement. That is, appellant is asserting that the description in the judgment is adequate to describe the land which appellant is actually upon, and appellant is not attempting to enlarge the award at all.

Appellant may or may not be correct in this contention. Appellant may or may not have even stated a cause of action. That is not the issue before this court. Whether appellant was right or wrong, however, the court below most assuredly had jurisdiction, at the very least, to determine the answer to the question. In any case, the district court has the power and duty to entertain appellant's claim, and we so hold.[1] See Swilley v. Hughes, 488 S.W.2d 64 (Tex.1972); Elliot v. Elliot, 208 S.W.2d 709 (Tex.Civ.App.1948, writ ref. n. r. e.).

The court having acquired jurisdiction for one purpose, generally maintains it

---

1. Wooten v. State, 142 Tex. 238, 177 S.W. 2d 56 (Tex.1944) and State v. Nelson, 160 Tex. 515, 334 S.W.2d 788 (Tex. 1960), relied upon by appellees not controlling here. Each of these cases involved the jurisdiction of the condemnation court to condemn specified land. In its present posture the case at bar is not an action to condemn land, but rather it is a suit to determine what land was condemned. Moreover, insofar as it indicates that the evidentiary rules applicable to construction of instruments in the context of ascertaining jurisdiction are less strict than those applicable to construction of instruments which purport to pass title, Nelson seems to favor appellant's position more than appellees.

for all purposes. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926); Thompson v. Fulton Bag & Cotton Mills, 155 Tex. 365, 286 S.W.2d 411 (Tex.1956); Shepperd v. Parr, 287 S.W.2d 204 (Tex.Civ.App. 1956, writ ref. n. r. e.). Consequently, we need not reach appellant's second point wherein appellant assails the court's conclusion that it was without jurisdiction to reform the record in condemnation proceedings.

The judgment of the trial court is reversed and the case remanded for trial.

Reversed and Remanded.