Christopher GREGORY, Appellant,

v.

Mark WHITE, Attorney General of the State of Texas et al., Appellees.

No. 16482.

Court of Civil Appeals of Texas, San Antonio.

July 25, 1980.

Marshall Boykin, III, Wood, Boykin & Wolter, Corpus Christi, Homer Dean, Alice, Frances Farenthold, Houston, for appellant.

Mark White, Atty. Gen., Amie Rodnick, Asst. Atty. Gen., Austin, Dennis McInerney, Mathias E. Mone, Kenneth Fuchs, Cahill, Gordon & Reindel, New York City, Larry Watts, Houston, Kenneth Oden, Perkins, Oden, Warburton, McNeill & Adami, Alice, for appellees.

OPINION

MURRAY, Justice.

This is an appeal by Christopher Gregory, also known as Brother Leo, from a judgment entered by the 79th Judicial District Court of Jim Wells County, Texas. The judgment in this cause determined who was

entitled to serve as members and directors of the John G. and Marie Stella Kenedy Memorial Foundation, which was established by Sarita K. East prior to her death on February 11, 1961. This appeal represents the latest installment in the East will litigation, which began in the early 1960's.[1] The present suit was instituted in 1961 and was settled by agreement in 1963. The settlement agreement, reduced to writing and signed by all of the parties, was incorporated in a judgment on September 1, 1964. The judgment was expressly made interlocutory pending the outcome of two suits in which claims against the East estate were being adjudicated. Approximately eighteen months after the interlocutory judgment was rendered the appellant filed a petition in the nature of a bill of review to set it aside. The trial court dismissed the petition reasoning that the order was not a final judgment and was therefore not properly the subject of a suit in the nature of a bill of review. On appeal this court affirmed the trial court's action dismissing the appellant's petition. *See Gregory v. Lytton,* 422 S.W.2d 586, 591 (Tex.Civ.App.– San Antonio 1967, writ ref'd n.r.e.).[2]

On July 24, 1979, the appellees filed a motion for the entry of final judgment arguing that the supreme court's decision in *Trevino v. Turcotte,* 564 S.W.2d 682 (Tex. 1978), removed the last obstacle to making the September 1, 1964, judgment final. Subsequently, on September 14, 1979, the appellant filed a first amended motion to set aside the interlocutory judgment contending that the settlement agreement upon which the judgment was based is void for the following reasons: lack of authority, duress, failure of condition precedent, and because he no longer consented to the agreement.[3]

After a hearing the trial court granted the appellees' motion for the entry of final judgment. It is from this judgment that the appellant has perfected an appeal.

By several points of error the appellant contends that the trial court erred in entering a final judgment because (1) he notified the court prior to the entry of final judgment that he had withdrawn his consent to the settlement agreement; and (2) his consent to the settlement agreement was conditional and the condition has not been met.

■ A valid consent judgment cannot be rendered if, at the time the court undertakes to make the agreement the judgment of the court, the trial judge has knowledge that one of the parties to the suit has withdrawn· his consent. Moreover, an agreed judgment should not be entered if the trial judge possesses information that would reasonable prompt further inquiry, and this inquiry, if pursued, would disclose a lack of consent. *See Burnaman v. Heaton,* 150 Tex. 333, 339, 240 S.W.2d 288, 291–92 (1951).

■ Once a settlement contract, agreed to by all of the parties to the suit, is incorporated in a judgment of the court, however, a party is precluded from attacking the validity of the judgment in the absence of an allegation and proof of fraud or collusion. This rule is simply an application of the general principle that one cannot complain of that to which he has agreed. *See De Lee v. Allied Finance Co.,* 408 S.W.2d 245, 247 (Tex.Civ.App.–Dallas 1966, no writ). In the instant case the evidence conclusively establishes that the appellant signed the settlement agreement and that the judge had no reason to know of any dissatisfaction that the appellant might have had with the agreement at the time the interlocutory judgment was rendered.

■ There is no justification either in law or logic for applying a different rule to

---

1. As pointed out by the supreme court in *Trevino v. Turcotte,* 564 S.W.2d 682 (Tex. 1978), there have been numerous appeals involving the East estate. *See id.* at 684 n.1.

2. The background of this case is fully set out in *Gregory v. Lytton,* and will not be repeated here. We will, of course, provide additional facts necessary for an understanding of the disposition of this appeal.

3. Appellant's original motion to set aside the interlocutory judgment was filed on August 1, 1968.

agreed interlocutory judgments than to agreed final judgments. An agreed interlocutory judgment would be of little value if its terms could be avoided by the withdrawal of consent of one of the parties. Accordingly, we hold that the above–stated principles governing agreed judgments apply to all consent judgments whether interlocutory or final.

■ In support of his assertion that he never consented unconditionally to the settlement agreement the appellant relies on his own testimony adduced at the hearing on the appellees' motion for entry of final judgment. In this regard he testified that he was told by his superior that if he did not sign the agreement he would be excommunicated from the Catholic Church. He subsequently consulted another superior who suggested that he sign the document and attach to it a cover letter to the Holy See in Rome, which would require the Holy See's written approval before the settlement agreement was released to the court.

The appellant argues that his lawyers were not authorized to effect the settlement agreement since he had conditioned his consent on the approval of the Holy See and the condition has not been met. We disagree.

In April of 1961 the Houston, Texas, law firm of Baker & Botts was retained to represent the appellant and others, including the John G. and Marie Stella Kenedy Memorial Foundation. Thereafter, in 1963 a settlement agreement was entered into by the parties. The appellant signed this agreement both in his individual and religious capacities. Although the interlocutory judgment incorporating this agreement was not rendered for more than a year after the settlement agreement was executed, neither the appellant's attorneys, the attorneys for the appellee, the trial judge, nor any of the other parties to the suit, knew of the conditional nature of his consent until several months after the judgment was rendered.

The appellant's attorneys negotiated a settlement in his behalf and were in possession of a settlement agreement and proposed judgment, which, on their face, were unconditionally executed and assented to by the appellant. We hold that Baker & Botts was authorized to seek a judgment entered in accordance with the settlement agreement, and that the appellant's failure to communicate to his attorneys the appellees' attorneys, the trial judge, or any of the other parties, the conditional nature of his consent before the judgment was rendered, precludes him from denying this authority. See Allsman v. Robinson, 25 S.W.2d 237, 239 (Tex.Civ.App.–El Paso 1930, no writ).

For the reasons stated above we overrule the appellant's points of error and affirm the judgment of the trial court.

CADENA, Chief Justice, dissenting.

There can be no quarrel with the holding by the majority that a consent interlocutory judgment cannot be set aside if it was entered prior to the time that the consent of one of the parties was revoked. But appellant in this case complains of the fact that the trial court entered a final judgment without a hearing on the merits after he had made known to the court that he had withdrawn his consent to the agreement on which the agreed interlocutory judgment was based.

The authorities cited in the majority opinion hold that a valid consent judgment cannot be rendered if, at the time the court undertakes to make the agreement of the parties the judgment of the court the trial judge has knowledge that one of the parties to the agreement has withdrawn his consent or if, prior to rendition of the judgment, the trial court has knowledge of facts which would reasonably prompt further inquiry and such inquiry would disclose the lack of continued consent. It is clear in this case that, at the time the final judgment was rendered, the trial court was fully aware of the fact that appellant had revoked his consent. While it is true that at the time the interlocutory order was rendered the trial court had no reason to suspect that appellant was dissatisfied with the agreement, this fact can justify no more

than a holding that the interlocutory order was properly rendered.

Since appellant did not consent to the rendition of the final judgment, basing such judgment on the repudiated agreement was clearly error. *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951).