**Christopher GREGORY, Intervenor, and Now Relator, Appellant,**

**v.**

**MBANK CORPUS CHRISTI, N.A., Trustee, et al., Appellees.**

**No. 13–85–500–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Curtis B. Dyer, Corpus Christi, James D. St. Clair, Hale & Dorr, Boston, Mass., for appellant.

Jeanie D. Coltrin, Hunt, Hermanson, McKibben & Barger, Corpus Christi, William D. Winston, Lufkin, John Daniels, Seagal V. Wheatley, Oppenheimer, Rosenberg, Kelleher & Wheatley, San Antonio, Carl C. Conley, Raymondville, Richard Morales, Jr., Laredo, Melvin R. Blumberg, San Antonio, Robert M. Kendrick, Corpus Christi, Abe S. Wilson, Laredo, Campbell McGinnis, McGinnis, Lockridge & Kilgo, Austin, Michael Schmidt, Michael deShelter, Jones & deShelter, Corpus Christi, Edward D. Ellis, Paris, Gaines West, Bryan, Richard Hatch, Mahoney, Shaffer, Hatch & Layton, Corpus Christi, Jim Mattox, Atty. Gen., David R.

Richards, Executive Asst., Deborah Loomis, Chief Ins. Bank & Sec., Mary Keller, Asst. Atty. Gen., Austin, John C. Brooke, Richard Lashin, Milton Lorenz, II, Kleberg, Dyer, Redford & Weil, Betty W. Hall, Martin Davis, Shirley Selz, Gary, Thomason, Hall & Marks, Francis I. Gandy, Jr., William Anderson, Corpus Christi, Bradford F. Miller, San Antonio, Jack Eckels, Chamberlain, Hrdlicka, White, Houston, Pat Maloney, Sr., San Antonio, Charles E. Borchers, Person, Whitworth, Ramos, Borcher & Morales, Laredo, for appellees.

Before BENAVIDES, UTTER and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from a trial court order allowing various charitable trust indentures to be revoked in order to permit the trustee bank to distribute funds to the trust beneficiaries. Christopher Gregory, neither a beneficiary, member of the board of the Foundation, nor a trustee, appeals claiming that the trial court lacked jurisdiction, that he was a necessary party to the action, and that the judgment was based upon erroneous facts. We affirm.

An action was brought in the trial court by the John G. and Marie Stella Kennedy Memorial Foundation (Foundation) joined by MBank Corpus Christi (Trustee) to revoke or alter the provisions of a charitable trust to allow a distribution to certain charitable entities pursuant to the Uniform Declaratory Judgments Act[1] and TEX.PROP. CODE ANN. § 112.054(a) (Vernon 1984 and Vernon Supp.1986). The Attorney General of the State of Texas answered and agreed to the request filed by the Foundation and the trustee and joined in the relief requested therein. The Foundation is a private, non-profit corporation organized under section 501(c)(3) of the Internal Revenue Code. It is annually required to disburse five percent of the greater of its assets or income to charity. The fifty-

---

1. TEX.CIV.PRAC. & REMS.CODE ANN. § 37.- 001 et seq. (Vernon 1986).

one grants made the subject of this suit were set up by the Foundation as irrevocable trusts.

A brief synopsis of the events leading up to the 51 grants and corresponding indentures is helpful in placing our opinion in context.

Appellant was a central figure in the legal battles related to the contested will of one Sarita K. East and the struggle for control of the John G. and Maria Stella Kennedy Memorial Foundation. These legal skirmishes have resulted in various appeals and opinions by at least four different Texas courts of appeal and by the Supreme Court of the State of Texas.

The original lawsuit for control of the Foundation was filed in Jim Wells County, Texas in 1961. Because of a court injunction, the Foundation was unable to make distributions in furtherance of its purpose to acquire and disburse funds for religious, charitable and educational purposes while such case was pending. The outcome of the Foundation control case was itself contingent on the outcome of the will case in which Gregory (Brother Leo) was also a party litigant.

The will contest, with respect to Gregory, became final in 1978 with the decision rendered by the Texas Supreme Court in *Trevino v. Turcotte*, 564 S.W.2d 682 (Tex. 1978). The 1978 Texas Supreme Court decision set the stage for the entry of a final judgment in the Jim Wells County suit for control of the Foundation.

Pursuant to a 1964 agreement entered in the Jim Wells court case and the disposition of the will contest case, the district court in Jim Wells County entered its final judgment that precluded Gregory's control, membership or directorship in the Foundation. Gregory appealed the Jim Wells trial court judgment and lost his appeal in 1980. *See Gregory v. White*, 604 S.W.2d 402 (Tex. Civ.App.—San Antonio 1980, writ ref'd n.r. e.). Gregory then filed for Application for Writ of Certiorari with the Supreme Court of the United States, which was denied June 15, 1981.

Because the federal law requirement dealing with distribution of assets or income was not made during the litigation dealing with the control of the Foundation, the Internal Revenue Service issued a Revenue ruling dated February 5, 1973. Such rule recognized the inconsistency between court injunctions that prohibited distributions and the mandatory code requirements for distribution. The February 5, 1973 Revenue ruling exempted the Foundation from the distribution requirement until disposition of the then pending litigation in the state courts. The ruling was made contingent upon the making of the distribution within ninety days of the lifting of the court injunction prohibiting distribution.

When the United States Supreme Court denied Gregory's writ on his application for Writ of Certiorari, the Foundation set out to make the distributions mandated by the Revenue code and the 1973 Revenue Ruling. The Foundation announced and made grants totalling 18 million dollars to Spohn Hospital, Kleberg County Hospital and St. Mary's School of Law.

In the meantime, Gregory, having been denied membership in directorship in the Foundation, filed a lawsuit in federal court alleging a conspiracy to deprive him of a trial by jury in the state court proceedings. Shortly thereafter, in early 1982, Gregory petitioned for a preliminary injunction in his federal lawsuit to restrain members of the Foundation from distributing Foundation funds pending the outcome of the underlying civil rights suit. The preliminary injunction was not granted and the underlying suit has now been dismissed by the Federal District court and is now on appeal. None of the parties to this federal suit, save Gregory, are parties to the action before us on appeal.

The Foundation announced an additional 18 million dollars grant to 51 charitable organizations (the beneficiaries that are among the parties to the appeal before us). These grants, however, were made in

trust.[2] A review of the terms of the trust indentures reveals the awareness of the Foundation and reaction to the then pending federal lawsuit. The trust indenture stated in part:

1.1. *Terms of the Trust.* Trustee shall hold and invest the funds transferred in trust hereunder until such time as, and shall terminate when, a final judgment has been entered in the *Gregory* suit which is no longer subject to further judicial action or appeals. If, upon such termination of the *Gregory* suit, all claims asserted by Gregory thereunder have been denied by such final judgment, then Trustee shall distribute the funds then held in trust hereunder to the beneficiary. During the term of this trust, Trustee shall accumulate as principal of this trust all income realized by this trust concurrently as realized.

1.2. *Declaratory Judgment Proceeding.* If, upon a final judgment as specified in 1.1 hereof, in the *Gregory* suit, all claims asserted by Gregory in such *Gregory* suit have not been denied, then Trustee shall be authorized, is directed, and agrees to bring a suit for declaratory judgment under the laws of the State of Texas, naming Gregory as the defendant therein, together with any other necessary, proper and indispensable parties, in which such declaratory judgment proceeding Trustee shall seek (i) authority to make distribution of the funds then held in trust hereunder to the beneficiary, and (ii) if such authority shall be denied to any extent for directions as to whom such funds, or any part thereof as to which such denial shall extend, shall be distributed.

At the trial court hearing to modify or terminate the trust indentures, James McCown, general manager of the Foundation, testified that the Foundation had made several charitable grants. More than 18 million dollars was being held in trust at the time of the hearing. He believed that

because four years had elapsed since Gregory filed his lawsuit and no preliminary injunction had been granted, the funds should be distributed to the beneficiaries, even though there had been no final judgment in the federal case. A resolution was passed by the Foundation Board to bring an action to modify the trust to disburse the funds to the trust beneficiaries. All of the beneficiaries were in favor of the distribution.

 By his first point, Gregory argues that the trial court erred in entering a declaratory judgment because there was no actual controversy among the parties. This action was brought pursuant to both the Uniform Declaratory Judgments Act and TEX.PROP.CODE ANN. § 112.054 (Vernon 1984 and Vernon pamphlet 1986). In this case, the petition was filed by the Foundation, joined by the trustee, and agreed to by the beneficiaries. We agree with appellant, that a declaratory judgment action is improper where there is no justiciable controversy among the parties involved, *see California Products, Inc. v. Puretex Lemon Juice, Inc.,* 160 Tex. 586, 334 S.W.2d 780 (1960); *Luby v. City of Corpus Christi,* 540 S.W.2d 805 (Tex.Civ. App.—Corpus Christi 1976, no writ). However, this did not preclude the court from exercising jurisdiction under TEX.PROP. CODE ANN. § 112.054 to act as it did. Jurisdiction over a cause for one purpose retains jurisdiction to resolve all questions concerned in the suit. *See Lower Colorado River Authority v. McIntyre,* 494 S.W.2d 219, 221–222 (Tex.Civ.App.—Austin 1973, no writ). There was no justiciable controversy and a declaratory judgment by itself would have been improper.

TEX.PROP.CODE ANN. § 112.054 provides, in part:

(a) On the petition of a *trustee* or a beneficiary, a court may order that the trustee be changed, that the terms of the trust be modified, *that the trustee be directed or permitted to do acts that*

2. The Foundation has subsequently made other and direct distributions of substantial amounts

which are not involved in this appeal.

*are not authorized or that are forbidden by the terms of the trust,* that the trustee be prohibited from performing acts required by the terms of the trust, or that the trust be terminated in whole or in part, if:

(1) the purposes of the trust have been fulfilled or have become illegal or impossible to fulfill; or

(2) *because of circumstances not known to or anticipated by the settlor, compliance with the terms of the trust would defeat or substantially impair the accomplishment of the purposes of the trust.* [Emphasis ours.]

■ The trial court found that the long delay in federal court was not anticipated when the grants in question were made and such delay had substantially impaired the accomplishment of the purposes for which such grants and trusts were made. The court found that each of the trust indentures should be modified so that they might be delivered to the grantees to carry out the charitable purpose contemplated at the time the grants were made. We find that the court had jurisdiction to so modify the trusts under § 112.054(a)(2) to make them revocable based upon the evidence it had before it. In so far as appellant's first point attacks the jurisdiction of the trial court to entertain the suit below solely as an action under the Uniform Declaratory Judgment Act, his point is sustained. However, proceedings under § 112.054 of the Texas Property Code do not require a justiciable controversy.

Appellant argues by his second point that the trial court erred in denying his intervention because he was a necessary party to the declaratory judgment action asserting that his presence was proper, necessary and indispensable. This point is rendered moot by our holding that there was no justiciable controversy with respect to the purported action under the Declaratory Judgment Act. However, the court had the authority to modify the trust and grant the relief requested under the Texas Property Code. Under TEX.R.CIV.P. 39, it would be a rare circumstance for a per-

son's presence to be so indispensable that his absence deprives the court of jurisdiction to adjudicate between the parties already joined. *Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200, 204 (Tex.1974).

Moreover, we cannot find that the trust provisions abrogated the right of the trustee or beneficiaries to the relief made available under Texas law as provided in § 112.054 of the Texas Property Code. If the "Gregory suit" was not final under the terms of the indenture, the trustee could neither distribute nor file for declaratory judgment. The court-scrutinized procedures for modification under § 112.054 of the Property Code with the Attorney General's appearance and joinder on behalf of the public were available to the trustee to accomplish the charitable purpose distributions contemplated by the trust.

■ Clearly, Gregory's presence is not necessary to a suit to modify the trust. None of the parties to this action are parties in his federal lawsuit. No preliminary injunction was ever granted and the federal lawsuit filed five years ago is now dismissed and on appeal. The trust indentures were set up to protect the trustee and the beneficiaries, not Gregory. Gregory is not a beneficiary, trustee or named as having any interest in the trust indenture. Appellant's second point of error is overruled.

■ Appellant argues in his third point of error that the judgment was based on erroneous facts. In this case, no findings of fact or conclusions of law were filed. However, the judgment recites several fact findings. Although not binding upon us, we nevertheless hold that the court's finding that the trust instrument should be modified was amply supported by the evidence. *See Jones v. Jones,* 641 S.W.2d 342, 344 (Tex.App.—Corpus Christi 1982, no writ); *Texas Hauling Contractors v. Rose Sales Co.,* 565 S.W.2d 240 (Tex.Civ.App.—Corpus Christi 1978, no writ).

We observe that appellant makes a broadside attack on the Foundation and charges the Foundation of wrongdoings

which he asserts should preclude the Foundation from obtaining relief. He asserts that he was not responsible for the delay in the federal court proceedings and that this was misrepresented to the trial court. Appellant misses the mark because the relief granted was a modification or revocation of the trust indentures that would result in a distribution to the tax exempt beneficiaries. Indeed, relief is granted under an action pursuant to § 112.054 on the request of a trustee or beneficiary. It is the trustee's joinder in the pleadings and request which allowed the relief requested by the trustee for the beneficiaries in this case. Additionally, it seems of little consequence who, if anyone, was at fault for the unforeseen delay in the federal court proceedings. The trial court could properly find a delay to have occurred from the evidence and that the delay was unforeseen at the time of the creation of the trust indenture. Appellant's third point of error is overruled.

In appellees' first and second cross-points, they urge this Court to assess a penalty of 10% against appellant and his attorney jointly and severally under TEX.R.CIV.P. 435 and 438. They also urge costs of appeal be assessed against Gregory regardless of the outcome of the instant case. Under TEX.R.CIV.P. 435, we may award an amount not exceeding ten percent of the original judgment. In order to assess damages under TEX.R.CIV.P. 438, we must find that the appeal was taken solely for delay and without cause. *Southern Life & Health Insurance Co. v. Medrano*, 698 S.W.2d 457, 461 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Charter Oak Fire Insurance Co. v. Adams*, 488 S.W.2d 548, 551 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.).

We view the evidence from the advocate's point of view to determine whether he had reasonable grounds to believe his case would be reversed. *Southern Life & Health Insurance Co. v. Medrano*, 698 S.W.2d at 461. Here, we agree with appellant to the extent that we find the action in so far as it pertained to a declaratory judgment is improper. However, contrary to his argument, we believe that the pleadings and evidence support a trust modification. The trial court judgment allowed a trust modification, not a money judgment. We do not believe that Gregory's appeal was totally frivolous and brought for delay purposes only. In addition, any undue delay in the federal court proceedings would more appropriately be a matter for the federal courts. We decline to assess a penalty in this instance. Appellees' cross-points are overruled.

The judgment of the trial court is AFFIRMED.