

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00058-CV

FODAY FOFANAH                                                APPELLANT

V.

YU-HSING CORPORATION                                 APPELLEE

----------

## FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 236-256987-11

----------

## MEMORANDUM OPINION[1]

----------

Appellant Foday Fofanah appeals the trial court's order denying his motion to vacate its final judgment awarding appellee Yu-Hsing Corporation $40,154 in damages relating to a lease agreement between the parties. We affirm.

### Background Facts

In March 2010, Fofanah entered into a commercial lease with Yu-Hsing for a space to run his business selling African art. After Fofanah failed to pay his

---

[1]*See* Tex. R. App. P. 47.4.

monthly rent in July 2011, Yu-Hsing changed the locks and seized Fofanah's inventory. Fofanah sued Yu-Hsing for unlawful lockout, wrongful retention of security deposit, unlawful repossession of property, conversion, breach of contract, and violations of the Texas Deceptive Trade Practices Act. Yu-Hsing countersued for unpaid rent, and it sought the appointment of a receiver.

On March 21, 2013, the trial court approved an interlocutory judgment, which included a request for the appointment of a receiver. The interlocutory judgment was agreed and consented to by both parties. It stated, "[Fofanah] and [Yu-Hsing] . . . have reached an agreement as to the final resolution of the disputes heretofore existing between them." The parties agreed that Yu-Hsing was entitled to a judgment of $44,000 for Fofanah's unpaid lease payments and its attorney's fees, that the proceeds from the sale of Fofanah's inventory would go towards the amount owed to Yu-Hsing, and that Fofanah would be liable for the balance owed should the sale proceeds not cover the entire amount owed under the agreement.

The trial court appointed a receiver, who conducted sales of Fofanah's inventory and filed a report with the trial court. The trial court thereafter signed a final judgment on November 15, 2013, stating,

> [Yu-Hsing] and [Fofanah] have reviewed and accepted the Report of Receiver's Sales filed herein and stipulate and agree that [Yu-Hsing] is entitled to Judgment $44,400, less a credit in the amount of $4,246 representing the net sale proceeds received from the Receiver, for a total final judgment amount of $40,154 plus all costs of Court.

2

The final judgment was approved as to form and content by attorneys for both parties.

On December 16, 2013, Fofanah filed a motion to vacate the judgment. The motion stated that Fofanah had hired new counsel on October 5, 2013, and that his previous counsel had signed the final judgment without Fofanah's authority. After a hearing, the trial court denied the motion, and this appeal followed.

**Discussion**

In two issues, Fofanah argues that the trial court erred by refusing to vacate the final judgment. In his first issue, Fofanah argues that the trial court should have vacated the final judgment because the "Agreed Order" had been submitted without his authority or consent.

It is unclear whether the "Agreed Order" of which Fofanah complains is the "Agreed Interlocutory Judgment and Appointment of Receiver," signed by the trial court on March 21, 2013, or the "Final Judgment," signed by the court on November 15, 2013, which nowhere recites that it is an agreed judgment but states only that the parties "stipulate and agree that [Yu-Hsing] is entitled to Judgment . . . less . . . the net sale proceeds received from the Receiver," as agreed to in the interlocutory judgment. Fofanah states in his brief that he had "instructed his attorney not to submit an Agreed Order on which he had secured [Fofanah]'s signature months earlier," leading us to believe that the complained-of order is the interlocutory judgment, as that is the only order by the trial court

3

signed by Fofanah. If Fofanah argues that he had withdrawn his consent to the interlocutory judgment before the trial court approved it, it was incumbent upon him to make the trial court aware of such withdrawal prior to the rendition of judgment. *See First Heights Bank, FSB v. Marom*, 934 S.W.2d 843, 845 (Tex. App.—Houston [14th Dist.] 1996, no writ) ("[O]nce the trial court renders an agreed judgment, a party may not withdraw its consent if at the time of rendition the trial court was not aware of any objection.") (citing *Gregory v. White*, 604 S.W.2d 402, 403 (Tex. Civ. App.—San Antonio 1980, writ ref'd n.r.e.) ("Once a settlement contract, agreed to by all of the parties to the suit, is incorporated in a judgment of the court, however, a party is precluded from attacking the validity of the judgment in the absence of an allegation and proof of fraud or collusion. This rule is simply an application of the general principle that one cannot complain of that to which he has agreed"), *cert. denied* 452 U.S. 939 (1981)). He did not do so, and he cannot attack the validity of the interlocutory judgment now. *See id.* To the extent that Fofanah attacks the final judgment on the same ground that he no longer approved of the interlocutory judgment, he has waived that argument for the same reason.

If the "Agreed Order" of which Fofanah complains is the final judgment by the trial court, we reiterate that it nowhere states that it is an agreed judgment. It is a judgment effectuating the terms of the agreed interlocutory order after the proceeds from the receiver's sale had been reported and a final monetary judgment could be determined. *See First Heights Bank*, 934 S.W.2d at 846

4

("Here, in substance, the agreed interlocutory judgment . . . was tantamount to a judicial rendition, and the final judgment incorporating its elements constituted the actual entry of the judgment. Because the Bank attempted to withdraw its consent *after* the trial court accepted the settlement and so noted in an interlocutory order, its efforts were too late."). Fofanah cites *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995), for the proposition that a "court cannot render a valid agreed judgment absent consent at the time it is rendered." We note that that sentence in *Padilla* continues on to state that nothing precludes a court from enforcing a binding settlement agreement "even though one side no longer consents to the settlement." *Id.* ("The judgment in the latter case is not an agreed judgment, but rather is a judgment enforcing a binding contract."). Therefore, the question of whether Fofanah's prior counsel had the authority to agree to a final judgment at the time that the trial court entered the final judgment is immaterial to the propriety of the trial court's final judgment in this case. We overrule Fofanah's first issue.

In his second issue, Fofanah argues that the award is manifestly unjust because the sale of his inventory was commercially unreasonable and because he did not receive notice of the sale. An execution sale is "governed by other law and not by" article 9 of the uniform commercial code. Tex. Bus. & Com. Code Ann. § 9.601 cmt. 8 (West 2011). That is, judicial disposition of collateral is not subject to notice and commercial reasonableness requirements of the business and commerce code. *See Baragas v. Coupland State Bank*, No. 03-01-00098-

5

CV, 2001 WL 1509972, at *7 & n.9 (Tex. App.—Austin Nov. 29, 2001, no pet.) (not designated for publication) (noting that judicial disposition is excepted from the uniform commercial code and that "[t]his exception is generally considered to apply to sales conducted by court-appointed receivers or trustees"). Further, there is no evidence that the amount of sales proceeds was manifestly unjust. There was no evidence of an appraisal of the inventory or other indication of its value beyond a conclusory statement by Yu-Hsing's counsel that the receiver "thinks there is over $300,000 worth of things there." At the hearing, Yu-Hsing's counsel said, "[Y]es, I wrote that letter. It was based on the volume of products that [Fofanah] had in my client's property and the prices that were on them at the time. We didn't obtain any kind of an appraisal." We overrule Fofanah's second issue.

## Conclusion

Having overruled Fofanah's two issues, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED: July 30, 2015

6